### In re OWENS.

[Cite as *In re Owens* (1994), 104 Ohio App.3d 201.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66452.

Decided July 5, 1994.

202

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Lynne A. Yohe,* Assistant Prosecuting Attorney, for appellant.

*Dowood Owens, pro se.*

*Per Curiam.*

Appellant, Cuyahoga Support Enforcement Agency ("CSEA"), appeals from the order of the trial court dismissing it from this action. For the reasons set forth below, we affirm.

CSEA and relator, Vanessa Owens, commenced this action on April 5, 1993 seeking an award of child support from relator's husband, Dowood Owens. The trial court awarded relator appropriate support, but dismissed CSEA finding that it lacked standing to bring the action in its own name. CSEA now appeals that decision.

CSEA's three assignments of error are as follows:

"The trial court erred in dismissing the only party plaintiff, the state of Ohio, Cuyahoga Support Enforcement Agency, finding it is not a real party in interest.

"The trial court erred in dismissing the only party plaintiff, the state of Ohio, Cuyahoga Support Enforcement Agency, finding it did not have standing to bring the action under section 2151.231 of the Ohio Revised Code.

"The trial court erred in violation of the Fourteenth Amendment of the United States Constitution by holding the Cuyahoga Support Enforcement Agency would be an appropriate party in the action if the relator was a recipient of aid for families with dependant children."

R.C. 2151.231 provides that "[t]he parent, guardian, or custodian of a child may bring an action in a juvenile court under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents."

In a recent revision to the code, R.C. 3111.20 was established to provide two exceptions under which CSEA is empowered to bring an action in its own name. R.C. 3111.20(C) provides in pertinent part:

"After the probate court enters the acknowledgment upon its journal *or* the father voluntarily signs the birth certificate as an informant as provided in section 3705.09 of the Revised Code, the parent with custody of the child, the child's guardian or legal custodian, *or the child support enforcement agency of the county in which the child or the guardian or legal custodian of the child resides may file a complaint pursuant to section* 2151.231 of the Revised Code in the juvenile court of that county requesting the court to order the parent who neglects or does not assume the parental duty of support to pay an amount for the support of the child * * *." (Emphasis added.)

These two exceptions do not apply to the case *sub judice,* and generally arise in cases where the identity of the father is in question.

There is no statutory authority for CSEA to bring this particular case in its own name. Relator and her husband are married, do not dispute parentage, and do not receive public assistance. The matter should have been instituted solely in relator's name.

Further, appellant's constitutional argument is without merit. The trial court has *not* denied relator use of the services of CSEA and its action has not undermined her right to support.

Appellant's assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., HARPER and WEAVER, JJ., concur.